# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

NATHAN LAMONT ADAMS,  )
    Plaintiff,  )
)
v.  )  Case No. 1:18-cv-03470-SEB-MJD
BRAIN MARTZ, Sergeant,  )
MISTY STAMPER, former (DHB) Officer,  )
    Defendant(s)

## I.   INTRODUCTION

1. This is a 1983 action filed by Plaintiff, Nathan Lamont Adams, a State prisoner alleging violations of his constitutional rights to equal protection of law and being retaliated against, and because of Defendants' deliberate indifference, it has resulted in continuous and ongoing, pain and suffering; therefore Plaintiff is seeking injunctive relief, declaratory relief, and monetary damages.

## II.   ADMINISTRATIVE REMEDIES

2. The facility provides a grievance process and the Plaintiff has exhausted his administrative remedies with respect to claims and defendants, and/or the exhaustion was not available.

## III.   JURISDICTION

3. The Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 28 U.S.C. § 1331.

3

## IV. PARTIES

### A. PLAINTIFF

4. Plaintiff Nathan L. Adams at all times relevant was confined by the Indiana Department of Corrections at the Pendleton Correctional Facility, 4490 W. Reformatory Road, Pendleton, Indiana 46064.

### B. DEFENDANTS

5. At all times relevant to this complaint, Defendant, Sergeant Brain Martz is employed by the Department of Corrections, and works at the Pendleton Correctional Facility, 4490 W. Reformatory Road, Pendleton, Indiana 46064.

6. At all times relevant to this complaint, Defendant former (DHB) Officer Misty Stamper is employed by the Department of Corrections, and works at the Pendleton Correctional Facility, 4490 W. Reformatory Road, Pendleton, Indiana 46064.

## V. STATEMENT OF CLAIM/ CAUSE OF ACTION

21. **Brain Martz, Sergeant**, in his individual and official capacity, under the color of state law, acted with deliberate indifference, and with willful and wanton actions in filing a false conduct report in retaliation for filing a grievance and for discriminating against the Plaintiff denying him equal protection of the law, violates Plaintiff's First, Fifth, and Fourteenth Amendment rights of the U.S. Constitution.

The Plaintiff had been filing informal grievances dated December 5, 2016 and filed more informal and formal grievances on March 1, 2017, since then Brain Martz has retaliated

4

against the Plaintiff for filing a grievance, resulting in continuous and ongoing physical and psychiatric injury, pain and suffering. On 3/1/17, Plaintiff filed an *Informal Complaint* against medical care/psychiatric care and Coordinators in the department Sergeant Martz worked. On 3/8/17, Sergeant Martz called the Plaintiff and offender Windom to work on their day off only to set in motion a devised plan to fire the Plaintiff, retaliating against him for filing a grievance against his friends in the psychiatric department. Plaintiff did not refuse to work nor did offender Windom, but Plaintiff and offender Windom did respectfully inform Sergeant Martz of his mistake and to check the Suicide Companion work log book schedule. Without provocation from the Plaintiff or Offender Windom, Sergeant Martz became irate and said, "You work or you're fired, as a matter of fact you're fired so go in." Plaintiff being confused complied with the order and returned to the housing unit. Offender Windom stayed longer to further reason with Sergeant Martz before returning to the housing unit. Sergeant Martz wrote Conduct Reports falsely claiming the Plaintiff and Offender Windom had refused to work, but in the meeting between Sergeant Martz and Offender Windom, Sergeant Martz informed Offender Windom that his target was "Adams," the Plaintiff, and that Windom's conduct Report would be thrown out which is conspiracy and discrimination against the Plaintiff denying him of equal protection of the law and this violation is without a rational basis. Sergeant Martz also wrote a bad work evaluation *only* on the Plaintiff to have him fired and **not** on Offender Windom hoping to remove Plaintiff from his job assignment so he would be placed on idle with no pay as extra punishment for grievance filing. On 3/13/17, Plaintiff received Notification of Disciplinary Hearing (Screening Report) with the alleged offense *"Refusing an Assignment."* At the Disciplinary Hearing, Plaintiff was found guilty of "refusing to work." As a result of Sergeant B. Martz

5

violating due process, writing the false Conduct Report and bad work evaluation, Plaintiff was found guilty, removed from his job assignment, and taken out of open dorm population and segregated in a 23 and a 1/2 hours a day lockdown cell, resulting in pain and suffering.

*Prior to Plaintiff's Hearing,* **Offender Windom had a separate Hearing and was found not guilty**. Offender Windom went to work at the same time as the Plaintiff, received the same conduct report as the Plaintiff by the same officer, Sergeant Martz, and was charged with the same charges as the Plaintiff on the same day for the same alleged offense; however, the Plaintiff was found guilty and treated differently than Offender Windom who was found not guilty despite being similarly situated. Sergeant Martz did this in conspiracy and intentionally with other Defendant(s) and without a rational basis for the difference in treatment, resulting in discrimination against the Plaintiff denying him equal protection of the law causing him to suffer in pain. Since the incident, Brain Martz' continuous and ongoing deliberate indifference has caused the Plaintiff to be permanently injured and is experiencing continuous and ongoing, pain and suffering that is chronic back, chronic neck, and chronic chest pain, chronic headaches, severe sleep deprivation, hunger pains, nightmares, dizziness, disorientation, delusions, panic attacks, pain similar to a heart attack, difficulty breathing and profuse sweating, lower back pain, and increased blood pressure, resulting from the actions of Sergeant Martz.

22. Sergeant Martz' willful and wanton actions to falsify a conduct report, to retaliate against the Plaintiff for filing a grievance, and to discriminate and deny equal protection of the law is deliberate indifference, resulting in continuous and ongoing, pain and suffering, violates Plaintiff's First, Fifth, Eighth, and Fourteenth Amendment rights under the U.S. Constitution.

23. **Misty Stamper, former Disciplinary Hearing Board (DHB) Officer**, in her individual and official capacity, under the color of state law, acted with deliberate indifference, and with willful and wanton disregard for Plaintiff's right to a fair and impartial hearing, retaliated against the Plaintiff for filing a grievance and discriminated against the Plaintiff denying him equal protection of the law, violates Plaintiff's First, Fifth, and Fourteenth Amendment rights of the U.S. Constitution.

On 3/13/17, Plaintiff was served with disciplinary charges for refusing an assignment by Sergeant Martz who wrote a conduct Report falsely claiming the Plaintiff had refused to work. Sergeant Martz also wrote a conduct report falsely claiming Offender Windom had refused to work, but Sergeant Martz informed Offender Windom that his target was "Adams," the Plaintiff, and that Offender Windom's conduct report would be thrown out. *On 3/15/17, in a separate hearing, **Offender Windom was found not guilty***. Officer Stamper conspired with Defendant Martz to thrown out Offender Windom's Conduct Report at his hearing, but keeping the Plaintiff's Conduct Report, and in doing so; Office Stamper retaliated and discriminated against the Plaintiff denying him procedural due process and equal protection of the law. Prior to the hearing, Plaintiff requested that the Hearing Officer Stamper call as witnesses: Officer Martz, Officer Brain, who was the (O.I.C.) Officer in Charge of sending the Plaintiff to work, and Officer Wilson, who actually informed Plaintiff that he had to work, also Offender Windom, who was also charged, but found not guilty denying the Plaintiff equal protection of the law, Offender Warner, who was actually scheduled to work (not the Plaintiff), and Offender Davis who could have witnessed that the Plaintiff worked the day before, and as evidence, the Facility Policy/Directive that exonerated the Plaintiff. The Plaintiff also asked that every Suicide Watch Companion be

7

called as witnesses who were instructed by the Coordinators at Suicide Prevention meetings to inform the Officer(s) on duty: if the Companion had worked the day before, then have the Officer (Martz) check the log book and send the Suicide Companion (Plaintiff) back to his housing unit to prevent back to back scheduling due to the risk of physical and psychological harm, pain and suffering. On 3/24/17, the Plaintiff was called to a Disciplinary Hearing before Hearing Officer Stamper who denied Plaintiff of his procedural due process request by failing to call any of the witnesses requested by the Plaintiff stating that she was "not going to call witnesses because (the Plaintiff) asked for too many and that the staff reports gave a full picture of the incident." The Plaintiff learned that <u>Dr. Perry gave an internal statement</u> which violated the Plaintiff's right to confront that witness. Hearing Officer Stamper stated: "Dr. Perry and Sergeant Martz want to see you found guilty to get you out of work so that's what I'm gonna do." Plaintiff was confused because Dr. Perry had nothing to do with deciding if the plaintiff was guilty or innocent, and should not have been relied upon as a fact finder, only for his direction on policy that stops a Suicide Watch Companion from working back to back shifts because of physical and psychiatric harm. As a result of Officer Stamper violating due process and as punishment, the Plaintiff was taken out of normal population and placed in a 22 and 1/2 hours a day lockdown unit for approximately 40 days and lost his job, resulting in pain and suffering. After the hearing, the Plaintiff received a written deposition signed by defendant Stamper stating:"Preponderance of evidence" as her reason for guilt. Plaintiff was then officially re-classed/removed out of his job assignment satisfying Sergeant B. Martz and Dr. Perry's request.

***Prior to Plaintiff's Hearing, Officer Stamper gave Offender Windom a separate Hearing and found him not guilty.*** Offender Windom went to work at the same time as the

8

    Plaintiff, received the same conduct report as the Plaintiff by the same officer, Sergeant Martz, and was charged with the same charges as the Plaintiff on the same day for the same alleged offense; however, the Plaintiff was found guilty and treated differently than Offender Windom who was found not guilty despite being similarly situated. Officer Stamper did this in conspiracy and intentionally with other Defendant(s) and without a rational basis for the difference in treatment, resulting in discrimination against the Plaintiff denying him equal protection of the law causing him to suffer in pain. Since the incident, Misty Stamper's continuous and ongoing deliberate indifference has caused the Plaintiff to be permanently injured and is experiencing continuous and ongoing, pain and suffering that is chronic back, chronic neck, and chronic chest pain, chronic headaches, severe sleep deprivation, hunger pains, nightmares, dizziness, disorientation, delusions, panic attacks, pain similar to a heart attack, difficulty breathing and profuse sweating, lower back pain, and increased blood pressure, resulting from the actions of Misty Stamper.

24. Misty Stamper's willful and wanton actions in participating in and condoning a culture of retaliation for filing a grievance and her participating in and condoning a culture of discrimination and denying equal protection of the law is deliberate indifference, resulting in continuous and ongoing, pain and suffering, violates Plaintiff's First, Fifth, Eighth, and Fourteenth Amendment rights under the U.S. Constitution.

## VI. JURY DEMAND

Plaintiff demands this case be heard by a jury.

9

## RELIEF REQUEST

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following relief:

A. Plaintiff asks that he be free from retaliation, free from being unduly harmed, and not moved to another prison.

B. Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;

C. Plaintiff seeks compensatory damages separately and individually for the loss of privileges and quality of life in his prison living conditions, and loss of the limited liberty enjoyed by prisoners, his continuous and ongoing, pain and suffering resulting from retaliation for filing a grievance and being denied equal protection of law, in that the Plaintiff was neglected and suffered in pain, while being treated deliberate indifferent, and deprived of basic treatment afforded to all persons. Plaintiff also seeks compensatory damages for the loss of limited liberty enjoyed by prisoners that caused injury and continuous suffering in pain;

D. Plaintiff does not seek compensatory damages for mental or emotional distress;

E. Plaintiff seeks compensation separately and individually for three separate injuries: physical injury; loss of Liberty; and mental and emotional distress from injuries resulting from being retaliated against for filing a grievance and being denied equal protection of law, resulting in continuous and ongoing, pain and suffering;

F. Plaintiff seeks punitive damages separately and individually for the sadistic and malicious actions of each of the defendant(s) in the amount of treble compensatory damages;

G. Plaintiff seeks damages separately and individually per each defendant for being taken out of normal open dorm population and placed in a 22 and 1/2 hour a day lockdown cell for approximately 90 days, resulting in pain and suffering;

H.  Order the defendant(s) separately and individually to pay compensatory and punitive damages for their malicious and sadistic actions, and the continuous and ongoing, pain and suffering the Plaintiff has experienced and is experiencing, resulting from defendant's retaliating for filing a grievance and for being denied equal protection of the law for injuries resulting in continuous and ongoing, pain and suffering;

I.  Grant all other just and equitable relief that this Honorable Court deems just and proper.

## AFFIRMATION

I affirm under penalty for perjury that the above information is true and correct to the best of my knowledge.

Plaintiff, Nathan Lamont Adams
DOC #112090
4490 W. Reformatory Rd.
Pendleton, Indiana 46064

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsels of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

*[signature]*

Plaintiff, Nathan L. Adams
D.O.C. #112090
4490 W. Reformatory Rd.
Pendleton, Indiana  46064